■ In the Matter of the Estate of GEORGIE W. RATHBORNE, Deceased. KATHLEEN R. WILMERDING et al., Respondents; PRESCOTT H. RATHBORNE, Appellant. — In a proceeding for a judicial settlement of the first intermediate account of the executors of the will of Georgie Winship Rathborne, the objectant appeals from a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated December 29, 1983, which approved the said account of the executors, including the disposition of the usufruct as set forth in the petition, and released the executors from all liability or accountability with respect to their acts through October 31, 1981.

Decree affirmed, with costs payable personally by the appellant.

We agree with the Surrogate that the copies of an agreement executed in 1938 by decedent and her children were properly admitted into evidence (*see,* Richardson, Evidence §§ 582, 599 [Prince 10th ed]; McCormick, Evidence § 237 [3d ed]), and that two letters written by attorneys, two of whom were executors of objectant's father's estate, were properly admitted pursuant to the business records exception to the hearsay rule (CPLR 4518 [a]). We also agree that the decedent had the right to make a gift of the stock covered by the 1938 agreement, as well as to sell it. We further agree that stock acquired by virtue of stock dividends, warrants and subscription rights was covered by the 1938 agreement, and that the inventory prepared in the succession proceeding of objectant's father in 1954 was the proper starting point for the executors' accounting of the usufruct property (a right of enjoyment of the fruits of property, title in which was vested in decedent's children).

We point out, however, that while the decedent did not have the right, pursuant to Louisiana Civil Code Annotated article

568, to dispose of furniture and other tangible property subject to the usufruct (*see, e.g.,* La Civ Code Ann arts 535, 539) since these items did not constitute "equipment, appliances, and vehicles" (La Civ Code Ann art 568; *cf. Rosenthal v Rosenthal,* 436 So 2d 670 [La App]), no additional accounting of these items is required. In 1936, decedent and her two children petitioned the 24th District Judicial Court of Jefferson Parish, Louisiana, for a judgment of possession to fix the parties' rights in the property of Joseph Cornelius Rathborne, who died in 1914. That judgment was rendered by the court on January 18, 1936. The inventory which was the basis for that judgment, which was approved by decedent and her children, indicated that certain property consisting of shares of stock and cash was subject to the legal usufruct of J. Cornelius Rathborne. That inventory also indicated that the furniture and other tangible property had been sold or collected. The inventory of the property subject to the usufruct did not include any furniture or other tangible property. Since all of the parties having property rights in the items subject to the usufruct approved the inventory, which fixed the specific items subject to the usufruct, the executors are not required to account for any other property, and objectant is not entitled to an additional accounting. Weinstein, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.