■ Frances P. Neumark, Appellant-Respondent, v Matthias Neumark, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her notice of appeal and brief, from so much of an order and judgment (one paper), of the Supreme Court, Westchester County (Palella, J.), dated October 30, 1984, as (1) awarded sole and exclusive possession of the parties' rental property to the defendant; (2) awarded her only a 20% share of the defendant's vested pension benefits which had accrued during the course of the marriage and failed to equitably distribute the defendant's profit-sharing benefits; and (3) awarded her the sum of $2,500 per month as maintenance for a period of only seven years or until her death or remarriage, whichever occurs first, and the defendant husband cross-appeals, as limited by his brief, from so much of the same order and judgment as (1) distributed the three parcels of jointly held real property between the parties; (2) ordered him to pay to the plaintiff the sum of $28,897.24 as temporary maintenance and support arrears; and (3) directed that a hearing be conducted on the issue of the plaintiff's counsel fees.

On the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal from so much of the order and judgment as directed a hearing on the issue of the plaintiff's counsel fees. The application is referred to Justice Kooper and leave to appeal is granted by Justice Kooper.

Order and judgment modified, on the law and the facts by (1) deleting the fourth decretal paragraph thereof, and by

substituting therefor a provision awarding to the plaintiff a 50% share in the defendant's vested pension benefits and a 50% share in the defendant's profit-sharing benefits, to the extent, if any, that said benefits accrued between the date of the marriage and the date of commencement of this divorce action; and (2) deleting from the sixth decretal paragraph the words "her remarriage or the expiration of seven years from the date of the first monthly payment" and by substituting therefor the words "or remarriage". As so modified, order and judgment affirmed, insofar as appealed from, with costs to the plaintiff, and matter remitted to the Supreme Court, Westchester County, for a hearing and determination of the value of the defendant's vested pension benefits and profit-sharing benefits which accrued from the date of the marriage until the date of the commencement of this action for divorce, and for further proceedings consistent herewith.

The parties were married on August 9, 1958, and the plaintiff subsequently obtained a divorce on January 4, 1984 on the ground of abandonment. All ancillary issues were referred to the trial court. In June 1984 a trial was conducted with regard to those issues. The results of that trial form the basis for the current appeal.

On the basis of the evidence adduced at trial, we find no error in the court's equitable distribution between the parties of three parcels of jointly held real property. Although the plaintiff received a slightly greater share of the net equity in the properties than did the defendant, the distribution properly reflected the parties' relative financial positions (see generally, Ackley v Ackley, 100 AD2d 153, lv dismissed 63 NY2d 772; Rodgers v Rodgers, 98 AD2d 386, appeal dismissed 62 NY2d 646).

Furthermore, we discern no impropriety in the court's fixing of the defendant's temporary maintenance and support arrears at $28,897.24. The defendant's claim that this amount should have been reduced by the sums he expended in supporting the parties' son while he was away at college, and by a portion of the net profits derived by the plaintiff from the jointly owned rental property, is unpersuasive. The record reveals that the defendant unilaterally reduced his temporary maintenance and support payments to the plaintiff despite the existence of a court order, subsequently affirmed by this court, which rejected his application for a downward modification (Neumark v Neumark, 97 AD2d 537). Hence, the unilateral reduction was improper (see, Klein v Klein, 53 AD2d 579, appeal dismissed sub nom. Patron v Patron, 40 NY2d 582).

Additionally, the record indicates that the plaintiff derived no net profits from the rental premises; thus the trial court did not err in refusing to reduce the arrears.

However, the trial court did commit error in awarding to the plaintiff only a 20% share of the vested pension benefits of the defendant. The trial testimony established that, in addition to pension benefits, the defendant also participated in a profit-sharing plan at his place of employment. Pension rights which accrue between the date of the marriage and the commencement of a divorce action constitute marital property subject to equitable distribution *(see, Majauskas v Majauskas, 61 NY2d 481; Sementilli v Sementilli, 102 AD2d 78; Rodgers v Rodgers, supra)*. However, equitable distribution has been held to encompass not only pension rights, but other forms of deferred compensation as well *(see, Bisca v Bisca, 108 AD2d 773, appeal dismissed 66 NY2d 741; Brundage v Brundage, 100 AD2d 887; Damiano v Damiano, 94 AD2d 132)*. We therefore find that the trial court should also have considered in making its award the defendant's interest, if any, in the profit-sharing plan. Since the record is silent as to the value of these interests as of the commencement date of the action, we remit for a hearing on the issue of valuation *(see, Rodgers v Rodgers, supra; Damiano v Damiano, supra)*. Furthermore, since the evidence indicates that both parties made substantially equal contributions to the long marriage, we believe that the defendant's pension and interest in the profit-sharing plan should be equally divided between them *(see, Price v Price, 115 AD2d 530; Bisca v Bisca, supra; Brundage v Brundage, supra; Perri v Perri, 97 AD2d 399)*, and we have modified the order and judgment accordingly. Upon remittitur, the court should determine the time and method of payment to the plaintiff of her share in these assets in accordance with the principles expressed in *Majauskas v Majauskas (supra), Rodgers v Rodgers (supra)* and *Damiano v Damiano (supra)*.

We further note that while the amount of monthly maintenance awarded by the trial court was not improper, the seven-year limitation on said award is not justified by any evidence in the record and should therefore be deleted. The reason for imposing a time limitation upon a maintenance award is usually to give the supported spouse a reasonable period of time in which to learn or update work skills and to enter the employment market with a view toward becoming self-supporting. However, in the present case, the testimony established that the plaintiff was 62 years of age at the time of trial and was virtually unemployable. Given these circum-

stances, it would be unrealistic to expect the plaintiff to embark upon a new career and thereby become self-supporting by the time she reaches the age of 69. Hence, we find that the trial court erred in imposing a time limit upon the maintenance award. Insofar as the defendant's prospective ability to pay maintenance may be hampered by his possible retirement plans, we merely note that he is free to petition for a modification of the award should he experience changed financial circumstances in the future (see, Domestic Relations Law § 236 [B] [9] [b]).

Finally, we conclude that the trial court properly ordered a hearing on the issue of the plaintiff's counsel fees, since the precise amount of said fees was never established at the trial and counsel for both parties consented to such a hearing. Under the circumstances, a hearing is necessary in order to determine the amount of said fees, the extent and manner of their payment, and whether the plaintiff is entitled to any reimbursement for payments which she has already made (see, Ross v Ross, 90 AD2d 541; Hansen v Hansen, 86 AD2d 859; Silver v Silver, 63 AD2d 1017). Mollen, P. J., Rubin, Eiber and Kooper, JJ., concur.