■ LENORE SCHNEE, Respondent-Appellant, v NORMAN SCHNEE, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Nassau County (Murphy, J.), entered June 26, 1987, which, *inter alia,* (1) awarded maintenance to the wife in the sum of $400 per week for five years, and (2) granted a distributive award to the wife in the sum of $514,611, (3) awarded a counsel fee to the wife in the sum of $25,000 and an accountant's fee in the sum of $5,000, and the plaintiff wife cross-appeals from so much of the same judgment as (1) awarded her less than 30% of the marital assets, (2) awarded her maintenance of only $400 per week for five years, and (3) disregarded the period of cohabitation prior to the parties' ceremonial marriage in distributing the parties' assets.

Ordered that the judgment is modified, by deleting from the second decretal paragraph the words "FOUR HUNDRED DOLLARS ($400.00)" and substituting therefor the words "FIVE HUNDRED DOLLARS ($500.00)" and by deleting from that decretal paragraph the words "for five years (5) years (260 weeks) or"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

At the time of their marriage in November 1977, the

plaintiff was 48 years old and the defendant was 32. The childless marriage was the second for each party. The defendant owned a lucrative knitwear business which he inherited from his father. The plaintiff was employed in the business as a bookkeeper at a net salary of about $275 per week. By 1984 the business was generating substantial and increasing income and numerous perquisites enabled the couple to maintain a lavish home in Brookville, New York, and a vacation home in Boca Raton, Florida. They acquired collections of paintings, porcelain figurines and other objects d'art, and three luxury automobiles; took numerous vacations and enjoyed a generally comfortable life-style. At the time of trial, the plaintiff was approximately 58 years of age and had been unemployed since August 1985, when she commenced this matrimonial action and the defendant had discharged her from her position as bookkeeper with his business.

The trial court's distribution of the parties' property was equitable considering the circumstances of the case and of the respective parties and we find no reason to disturb it.

However, we do find that the trial court's award to the plaintiff of maintenance in the amount of $400 per week for five years was inadequate. In view of her age, which presents an obstacle to finding a new position, her limited earning capacity as a bookkeeper, the parties' lavish standard of living during their marriage and the defendant husband's substantial income, we find it more appropriate to grant the plaintiff an award of maintenance in the sum of $500 per week, to be paid until she remarries or she or the defendant dies (see, Neumark v Neumark, 120 AD2d 502, 504-505).

The other contentions of the parties have been considered and found to be without merit. Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.