■ GRAEME FORRESTER et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 23, 1989, which, *inter alia,* upon a jury verdict, found in favor of defendants Port Authority of New York and New Jersey and Trans World Airlines, Inc. and dismissed the complaint against them, unanimously affirmed

to the extent appealed from, without costs and without disbursements.

This is an action to recover damages for personal injuries sustained when plaintiff, Graeme Forrester, was struck by a taxi at a taxi loading area in front of premises leased to defendant Trans World Airlines, Inc. (TWA) at JFK Airport by defendant The Port Authority of New York and New Jersey (Port Authority). Passengers boarding taxis are required to leave the terminal exit and cross a roadway in a pedestrian crosswalk to a concrete loading island. Approximately four taxis can stand in the loading area in front of the crosswalk with the driver's side facing the loading area. Behind the crosswalk is a holding area for additional taxis. A taxi dispatcher supervised by TWA controls the taxi traffic. Plaintiff was struck by a taxi after having seated his family in a cab parked at the rear of the loading area as he walked behind the parked cab toward the front passenger seat.

The jury returned a verdict against the owner and operator of the cab which struck plaintiff, but absolved the Port Authority and TWA of negligence, specifically finding that the taxi loading area was not negligently designed and that it did not "evolve without adequate study or lack of reasonable basis." The court refused to send a question to the jury relating to operational negligence, ruling that the case against TWA and Port Authority was based on improper design and that there was no evidence of wrongdoing on the part of the taxi dispatcher.

Contrary to plaintiffs' argument, the court did not err in refusing to instruct the jury concerning operational negligence, as the theory of the case was based upon negligent design (see, Safran v Man-Dell Stores, 106 AD2d 560, 562). There was also insufficient evidence to support a finding of negligent operation of the roadway (see, Quinlan v Cecchini, 41 NY2d 686, 689).

Nor did the trial court commit evidentiary errors which would warrant a new trial. Plaintiffs' failure to object to the admission of the Queens County Design Award as hearsay constitutes a waiver of the objection (Schiaroli v Village of Ellenville, 111 AD2d 947), and to the extent the admission constituted error, it must be deemed harmless (see, Kutanovski v DeCicco, 152 AD2d 540). The court's failure to allow plaintiffs to impeach a police officer's testimony was also harmless since other evidence was brought forth during the trial regarding the matter in question. The question asked of

an expert witness as to whether he knew if other experts had reviewed the file was properly disallowed on the grounds of relevance. Testimony concerning the absence of similar prior accidents was admissible *(see, Wozniak v 110 S. Main St. Land & Dev. Improvement Corp.,* 61 AD2d 848). Nor did the court err in precluding plaintiffs from introducing evidence of damages due to premature retirement, as these damages were not specified in the bill of particulars *(see, Zapata v City of New York,* 96 AD2d 779). Concur—Murphy, P. J., Carro, Ellerin, Wallach and Smith, JJ.