■ SUSAN MERZON, Respondent-Appellant, v RICHARD MERZON, Appellant-Respondent. BAILEY, MARSHALL & HOENIGER, Nonparty Respondent-Appellant. [620 NYS2d 832] —In an action for a divorce and ancillary relief, (1) the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated January 16, 1991, as, after a nonjury trial, inter alia, (a) awarded the plaintiff wife maintenance, (b) determined the value of the marital residence, (c) ordered the defendant to maintain health insurance, and (d) awarded the plaintiff counsel fees and disbursements, (2) the plaintiff wife cross-appeals, as limited by her brief, from stated portions of the same judgment, which, inter alia, (a) limited her maintenance to $750 per week, (b) determined the value of the business assets, (c) determined that certain bonds and bank accounts held by the defendant were his separate property, and (d) declined to award accountants' fees, (3) Bailey, Marshall & Hoeniger cross-appeal, as limited by their brief, from so much of the same judgment as determined the amount of reasonable counsel fees, and (4) the defendant husband further appeals, as limited by his brief, from stated portions of an order of the same court (Rutledge, J.), dated December 14, 1992, which, inter alia, granted the plaintiff wife's motion to hold him in contempt for failure to convey title of the marital

residence to her and to obtain a life insurance policy in the face value of $150,000 for her benefit.

Ordered that the judgment is modified, as a matter of discretion, by (1) increasing the plaintiff wife's maintenance from $750 to $900 per week, (2) deleting from the eighth decretal paragraph thereof the words "$25,000", "$12,500.00", and "$12,500.00" and substituting therefor the words "fifty thousand dollars ($50,000)", "twenty-five thousand dollars ($25,000)", and "twenty-five thousand dollars ($25,000)" respectively; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents-appellants are awarded one bill of costs.

The husband and wife were married on June 23, 1962. After becoming pregnant with their first child in 1963, the wife terminated her employment as a school teacher and became a housewife. The husband began working for a family-owned leather company. Numerous company perquisites enabled the couple to maintain a lavish home in Manhasset Hills, New York, and to breed thoroughbred Irish Wolfhounds. They took numerous vacations and generally enjoyed a comfortable life-style. At the time of trial, the husband earned in excess of $200,000 annually. The parties have two emancipated children.

In 1984, the wife began to suffer from a constriction of her peripheral vision. She was later diagnosed as having retinitis pigmentosa in both eyes, a degenerative disease that often leads to blindness. Thereafter, the wife's efforts to obtain permanent employment were unsuccessful.

We find that the trial court's award to the wife of permanent maintenance in the amount of $750 per week was inadequate. In view of the wife's medical condition, which precludes employment and retraining, the parties' lavish standard of living during their marriage, and the husband's substantial income, we find it more appropriate to grant the wife an award of maintenance in the sum of $900 per week *(see, Schnee v Schnee,* 152 AD2d 665; *Neumark v Neumark,* 120 AD2d 502).*

The record supports the court's determination that the husband was the actual owner of only 50% of the shares of stock of BMI Beaux-Merzon, Inc. Evidence produced at the trial established that the husband was the holder of record of

the remaining outstanding shares of stock subject to the rights of, for the benefit of, and as the nominee of, his father. Contrary to the wife's contention, the agreement was properly received into evidence as a business record through the testimony of the corporate attorney who drafted the document at the time of the nomination in the ordinary course of business (see, CPLR 4518 [a]; *Tomanelli v Lizda Realty,* 174 AD2d 889, 890; *Matter of Rathborne,* 111 AD2d 335).

Furthermore, the trial court properly adopted the method and adjustments used by the husband's expert in arriving at a valuation of the husband's interests in two of the family-owned businesses.

Contrary to the wife's contention, the husband's expert properly considered the factors outlined in Revenue Ruling 59-60 and correctly utilized the capitalization of earnings method of Revenue Ruling 68-609 in arriving at the valuation of the businesses (see, *Matter of Seagroatt Floral Co. [Riccardi],* 78 NY2d 439, 445; *Amodio v Amodio,* 70 NY2d 5, 7).

With respect to the award of counsel fees to the wife, it is well settled that the issue of counsel fees is controlled by the equities and circumstances of each particular case (see, *Basile v Basile,* 122 AD2d 759, 760), and the court must consider the relative merits of the parties' contentions and their respective financial positions in determining whether an award is appropriate (see, *Borakove v Borakove,* 116 AD2d 683, 684; *Hackett v Hackett,* 147 AD2d 611, 613). Moreover, a wife may be entitled to an award of reasonable counsel fees where there is a marked disparity in the income and resources of the parties (see, *Denholz v Denholz,* 147 AD2d 522). Under the circumstances of this case, the trial court correctly awarded counsel fees to the wife. However, we find that, upon this record, an increase in the award of counsel fees from $25,000 to $50,000 to be paid by the husband to the wife's attorney is appropriate. This amount is in addition to whatever fees and disbursements have already been paid to the wife's attorneys by the wife and the husband.

We further find that the Supreme Court, by an order dated December 14, 1992, properly found the husband in contempt of court for his failure to transfer the deed of the former marital residence to the wife and to deliver a life insurance policy with a face value of $150,000 to the wife. Since there were no factual disputes that could not be resolved on the papers alone, the court properly did so without a hearing (see, *Bowie v Bowie,* 182 AD2d 1049, 1050).

The remaining contentions are without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.