■ JOAN NADEL, Appellant, v GEORGE NADEL, Respondent. [632 NYS2d 631] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Nassau County (McGinity, J.), dated January 14, 1994, as, after a nonjury trial, (1) failed to separately value the defendant husband's accounting license, (2) awarded her maintenance in the amount of $2,167 per month for a period of five years, and (3) awarded her counsel fees in the amount of $55,000.

Ordered that the judgment is modified, as a matter of discretion, by deleting from the tenth decretal paragraph thereof the words "for a period of five (5) years" and substituting therefor the words "said payments to continue until the plaintiff's remarriage or the death of either party"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

Contrary to the plaintiff wife's contentions, the Supreme Court acted properly in excluding the testimony of her expert witness regarding the valuation of the defendant husband's license as a certified public accountant. The record demonstrates that the husband acquired his license in 1968, and he thereafter fully developed his career in the field of business

finance during the next 20 years of the marriage. Accordingly, the court accurately determined that the husband's license had merged in his career and was not subject to separate valuation and equitable distribution (*see, Nolan v Nolan*, 215 AD2d 795; *Kaufman v Kaufman*, 207 AD2d 528; *Maher v Maher*, 196 AD2d 530; *Kalisch v Kalisch*, 184 AD2d 751).

However, while we discern no impropriety in the amount of monthly maintenance awarded to the wife by the trial court, we find that the imposition of a five-year durational limit on the award was improper. In view of the wife's age, her physical condition, and the number of years she has remained out of the workforce in order to accommodate the husband's career advancement, it is unlikely that she will obtain such gainful employment as would eventually make her self-supporting (*see, Neumark v Neumark*, 120 AD2d 502). Moreover, given the comfortable, if not lavish, standard of living which the parties enjoyed during the marriage and the husband's continued substantial income and earning capacity, an award of permanent maintenance in this case is appropriate (*see, Schnee v Schnee*, 152 AD2d 665; *see generally, Merzon v Merzon*, 210 AD2d 462). Hence, we have modified the judgment accordingly.

Finally, we discern no basis in the record for disturbing the court's award of counsel fees in the amount of $55,000 (*see generally*, Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879). Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.