■ ROSEMARIE SEMINERIO, Respondent, v CARL SEMINERIO, Appellant. [634 NYS2d 544] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Beldock, J.H.O.), dated December 8, 1994, which, *inter alia,* awarded the plaintiff (1) maintenance payments in the sum of $800 per month until she applies for Social Security benefits at age 62 or 65, (2) the sum of $6,738.50 in pension benefits at a rate of $500 per month, and (3) attorneys' fees.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which awarded the plaintiff $800 per month in maintenance payments; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith. In the interim, the defendant shall continue to pay maintenance in the amount of $800 per month.

The plaintiff and the defendant were married for approximately 12 years, during which only the defendant worked

on a regular basis and supported the household. At the time the divorce was granted the defendant was 68 years old and still employed as an airplane mechanic for United Airlines. He had undergone four foot operations between 1990 and 1992 and was injured and receiving workers' compensation at the time of trial. The plaintiff was 56 years old and in good health but had not held a full-time job since 1972 and had only a high school diploma.

Given the plaintiff's age, lack of marketable work experience, and limited education, we agree with the trial court's finding that she was not readily employable and was unable to become self-supporting (see, Sperling v Sperling, 165 AD2d 338; Reingold v Reingold, 143 AD2d 126). In addition, the court properly ordered the payment of maintenance until the plaintiff's income can be subsidized by Social Security benefits.

We find, however, that the trial court erred in precluding the defendant's testimony as to his pending retirement. Domestic Relations Law § 236 (B) (6) (a) requires the court to consider the payor spouse's anticipated income in determining the amount of maintenance (see, Raviv v Raviv, 153 AD2d 932). In light of the defendant's age, poor health, and physical job requirements, his retirement was a predictable, impending occurrence (see, Feldman v Feldman, 194 AD2d 207), and should have been considered in determining the amount of maintenance (see, Loeb v Loeb, 186 AD2d 174). Accordingly, the matter must be remitted, inter alia, to admit evidence of the defendant's future earning capacity, as well as the plaintiff's expenses, if any, in connection with the former marital residence, to determine the amount of maintenance to be awarded.

The defendant's remaining contentions do not require further modification. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.