■ GEORGE KALINICH, Respondent-Appellant, v HELEN KALINICH, Appellant-Respondent. [651 NYS2d 98] —In a matrimonial action in which the parties were divorced by judgment entered January 25, 1993, the defendant former wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Beldock, J.H.O.), dated May 3, 1995, which, inter alia, divided between the parties the expenses incurred by the husband at an arbitration at the New York Stock Exchange, and the plaintiff former husband cross-appeals from stated portions of the same judgment which, inter alia, denied his application for counsel fees. Justice Copertino has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the judgment is modified, on the law, by deleting the eleventh decretal paragraph thereof and substituting therefor the following: "ADJUDGED that the plaintiff's application for counsel fees is granted and any application by the defendant for counsel fees is denied"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the amount of the counsel fees to be awarded to the plaintiff.

It is well settled that the issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' contentions and their respective financial positions in determining whether an award is appropriate (see, Merzon v Merzon, 210 AD2d 462; Feldman v Feldman, 194 AD2d 207). The evidence in this case supports an award of counsel fees to the plaintiff former husband in view of (1) the "marked disparity in the income and resources of the parties" (Merzon v Merzon, supra, at 464), and (2) the defendant former wife's secreting of marital assets which "unnecessarily complicated the [matrimonial action] rendering it more complex" (Persaud v Persaud, 170 AD2d 763, 766). Accordingly, the Supreme Court improvidently exercised its discretion in denying the former husband's application for counsel fees and the matter is remitted to the

Supreme Court, Queens County, for a hearing to determine the amount of counsel fees to be awarded to the former husband.

We have examined the parties' remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Sullivan and Copertino, JJ., concur.