■ STEPHEN J. DEMARCO, Respondent, v MARCIA DEMARCO, Appellant. [652 NYS2d 898] —White, J. Appeal from a judgment of the Supreme Court (Coutant, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered November 22, 1995 in Broome County, upon a decision of the court.

At the conclusion of a bench trial in this matrimonial action limited to the issue of maintenance, Supreme Court awarded defendant maintenance in the sum of $1,000 per month until October 1, 1997, then $750 per month for two years, and finally $500 for one year terminating on October 1, 2000. Defendant appeals, challenging both the amount and duration of the award.

In its decision, Supreme Court noted that defendant was well educated and competent to support herself although "perhaps the manner in which [she] can do so has been limited to some extent". On this point, Supreme Court noted that it did not consider defendant's emotional and physical disabilities to be as debilitating as they had been portrayed by her. Other than to mention that plaintiff was the sole financial support for the family for a period of time, the findings of fact make no reference to the statutory factors enumerated in Domestic Relations Law § 236 (B) (6) (a). While we recognize that it is not necessary for the trial court to analyze each statutory factor, we find Supreme Court's limited analysis to be insufficient as it fails to provide an adequate basis for appellate review (*see, Ciaffone v Ciaffone*, 228 AD2d 949, 950). In any event, Supreme Court's failure to consider the parties' predivorce standard of living mandates a reconsideration of its award (*see, Hartog v Hartog*, 85 NY2d 36, 51). Because the full trial record is before us, we need not remit as we have the authority to make the necessary findings (*see, Grenier v Grenier*, 210 AD2d 557, 558).

In accordance with Domestic Relations Law § 236 (B) (6) (a), we find that the relevant factors are that the parties were married on June 19, 1970 and separated in October 1994. They have two children, a son who is emancipated and a 20-year-old daughter who is attending college and resides with defendant when college is not in session. Plaintiff is 49 years of age, in good health and has been employed for over 20 years by New York State Electric and Gas Company at a current annual salary of $72,200. Defendant is 47 years old, holds a Bachelor's degree in English and possesses a permanent teacher certification in elementary education, however, she has never been employed as a teacher. In addition, she has earned 24 credits toward a Master's degree in social work. After the children

commenced school, defendant was employed for several years in various jobs, earning approximately $25,000 per year. In 1992, she was offered a position by the Binghamton School District that paid $25,200 per year. She rejected the offer and since has been unemployed despite her attempts, with the assistance of several governmental agencies, to find employment. Defendant describes her health as fair due to physical disabilities that limit her mobility and emotional difficulties, and we concur with Supreme Court's assessment regarding the effect these conditions have upon defendant's ability to support herself. Although the record does not specifically reveal the parties' predivorce standard of living, it can nevertheless be inferred from plaintiff's salary that they enjoyed a comfortable middle-class lifestyle. As part of equitable distribution, defendant will receive one half of plaintiff's pension and deferred compensation plan. Finally, defendant made contributions to the martial partnership in her role as spouse, parent, wage earner and homemaker.

Considering these factors in conjunction with defendant's financial needs, we find that the amounts of maintenance awarded by Supreme Court are appropriate. While Supreme Court believed that defendant could support herself, we are not as sanguine about her employment opportunities given her age, physical and emotional difficulties and lack of recent relevant work experience. Thus, while we believe that defendant can be gainfully employed, we consider it unrealistic to expect that her earnings will be any greater than they have been in the past or that she will be able to maintain her predivorce standard of living without financial assistance from plaintiff. In light of this and taking into account the length of the marriage, the $500 monthly maintenance payment should continue until plaintiff reaches 65 or upon defendant's remarriage or death, or until modified by court order (*see, Costantino v Costantino*, 225 AD2d 651; *Fleitz v Fleitz*, 223 AD2d 946, 948, *lv denied* 88 NY2d 802; *Nadel v Nadel*, 220 AD2d 565, 566, *lv denied* 87 NY2d 807; *White v White*, 204 AD2d 825, 828, *lv dismissed* 84 NY2d 977).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by deleting from the fourth decretal paragraph therein the phrase "for a period of one year" and substituting therefor the phrase "until plaintiff reaches 65 years or upon defendant's remarriage or death, or until modified by court order", and, as so modified, affirmed.