■ ELIZABETH TREFFILETTI, Appellant-Respondent, v MICHAEL TREFFILETTI, Respondent-Appellant. [675 NYS2d 192] —Yesawich Jr., J. Cross appeals from a judgment of the Supreme Court (Seibert, Jr., J.) ordering, inter alia, equitable distribution of the parties' marital property, entered April 10, 1997 in Saratoga County, upon a decision of the court.

The parties to this divorce action were married in 1972. With the birth of their first child in 1974, plaintiff ceased working outside the home and, with defendant's consent, devoted her efforts to child rearing and household duties. In 1984 plaintiff obtained part-time work as a bookkeeper, and in 1990 she enrolled in college, earning a two-year degree in 1994. At the time of the trial in 1995, plaintiff was employed at a local library, earning $19,428 annually. Defendant initially worked in a family business, but in 1979 embarked upon what eventually became a successful career as a stockbroker, which he has continued to pursue. His annual earnings in the six years preceding the trial averaged approximately $174,000.

At the start of the trial, defendant withdrew his opposition

to plaintiff's first cause of action and stipulated that she was entitled to a divorce on the ground of cruel and inhuman treatment. A bench trial was held to resolve the ancillary financial issues, after which Supreme Court rendered a comprehensive decision dividing the marital property and awarding plaintiff, *inter alia,* maintenance of $1,500 per month for eight years (retroactive to September 1992) and child support of $1,250 for the parties' two unemancipated sons (who were then 17 and 19 years of age). The parties have each appealed from the resulting judgment.

There is merit to plaintiff's argument that the duration of the maintenance award should not have been limited to eight years. Supreme Court's findings—that plaintiff subordinated her educational and occupational development, throughout the marriage, to raise the parties' children and assist defendant in advancing his career, and that, despite having essentially reached the limit of her earning capability, she is nevertheless unable to meet her monthly expenses or to maintain a standard of living approaching that enjoyed by the family before defendant's departure—are amply supported in the record. No rationale is advanced, however, for ending her maintenance payments on September 1, 2000 (*see, White v White,* 204 AD2d 825, 828, *lv dismissed* 84 NY2d 977; *Zelnik v Zelnik,* 169 AD2d 317, 333-334). There is no evidence that her financial position will improve to any significant degree by that point in time, let alone that she will be any more self-supporting then, at age 53, than she is currently (*see, Zelnik v Zelnik, supra,* at 333; *Phillips v Phillips,* 182 AD2d 746, 747); indeed, Supreme Court explicitly found that plaintiff will be unable to meet her expenses without assistance from defendant "until such time as [she] is able to retire". Nor does defendant assert that he will be caused to suffer any hardship if the payments are continued, as plaintiff requests, until then. Taking these factors into account, as well as the parties' respective financial circumstances, we conclude that defendant should be directed to make spousal maintenance payments in the amount of $1,500 per month until plaintiff becomes eligible for Social Security retirement benefits, unless the obligation is earlier terminated by plaintiff's cohabitation with another adult in a spousal-type relationship, or as otherwise provided by law (*see,* Domestic Relations Law § 236 [B] [6] [c]; *see also, DeMarco v DeMarco,* 235 AD2d 1014, 1015; *Fleitz v Fleitz,* 223 AD2d 946, 948, *lv denied* 88 NY2d 802).

Plaintiff's argument that defendant's gambling activities resulted in his dissipating some $110,000 in marital assets is

not borne out by the record. Although defendant admitted that he had, prior to the parties' separation, unilaterally taken and used marital funds, there was no evidence that he lost those funds gambling. Moreover, Supreme Court apparently credited his testimony that he subsequently restored the amounts taken—some of which had initially been set aside for the children's education—by opening, and adding to, other accounts from his regular income. In addition, it is undisputed that defendant has at all times been willing and able to cover the three boys' considerable college expenses. In short, plaintiff failed to carry her burden of proof on this issue (*see, Strang v Strang*, 222 AD2d 975, 978).

And, in light of the overall distribution of the parties' assets, defendant's ongoing responsibility for support of the children and payment of their educational expenses, and his cooperation in providing access to the financial information necessary to conclude this litigation, we are not disposed to say that Supreme Court abused its discretion (*see, id.*, at 979) by denying plaintiff's request for counsel fees (*see, Garges v Garges*, 175 AD2d 511, 513; *compare, White v White*, 204 AD2d 825, 829, *supra*).

As for defendant's contention that Supreme Court improperly credited him with both the equity in the home he purchased in 1990 (which he received as part of the equitable distribution of marital assets) and with the value of certain improvements (some $21,000) he claimed to have recently made to that property, which he maintains would have been included in the appraisal from which the equity figure was drawn, we disagree. The exact nature of the purported "improvements" cannot be ascertained from the record. Moreover, it is far from clear that their value was considered by the appraiser in arriving at the market value of the property. Lastly, and not unimportantly, defendant admitted that some of the funds in question may have been spent on repairs and ordinary maintenance; at least one of the checks was apparently for furniture. Inasmuch as defendant did not demonstrate that these expenditures noticeably increased the value of the residence, Supreme Court, not improperly, credited him with having received these funds as well as the equity in the property.

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by deleting the ninth decretal paragraph; it is replaced with the following: "ORDERED AND ADJUDGED, that defendant shall make a payment of maintenance to plaintiff in the amount of $1,500 per month to be paid consecutively, retroac-

tive to September 1, 1992, until plaintiff becomes eligible for Social Security retirement benefits, unless sooner terminated by (a) the remarriage of plaintiff; (b) the death of either party hereto; and/or (c) plaintiff regularly cohabiting with another adult person in a spousal-type relationship; and it is further"; and, as so modified, affirmed.