■ LISSA BURGER, Appellant, v BRYAN J. HOLZBERG, Respondent. [736 NYS2d 416] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court,

Nassau County (Falanga, J.), entered July 11, 2000, which, inter alia, failed to accurately incorporate the provisions of a stipulation of settlement entered on the record in open court on April 12, 1999, and failed to award her an attorney's fee.

Ordered that the judgment is modified, on the law, by (1) deleting from the tenth decretal paragraph thereof the words "if the plaintiff is unemployed," (2) deleting the eleventh decretal paragraph thereof and substituting therefor the following decretal paragraph: "ORDERED AND ADJUDGED that commencing April 16, 1999, and continuing until the emancipation of the Child, if the Plaintiff is unemployed, the Defendant, within thirty (30) days of receipt of documentation, shall furnish to the Plaintiff, such payments to be made by good check or money order made payable to the Plaintiff, one hundred percent (100%) of all of the costs of Hebrew School and two-thirds (66.66%) of summer camping activities and child care expenses for the child, and, commencing April 16, 1999 and continuing until the emancipation of the Child, if the Plaintiff is employed, the Defendant, within thirty (30) days of receipt of documentation, shall furnish to the Plaintiff, such payments to be made by good check or money order made payable to the Plaintiff, two-thirds (66.66%) of all of the costs of Hebrew School and summer camping activities for the Child; and it is further," and (3) adding thereto a decretal paragraph awarding the plaintiff the sum of $25,494.14 for an attorney's fee, disbursements, and expenses; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The parties entered into a stipulation of settlement on the record resolving certain issues, including their respective obligations to pay unreimbursed medical, Hebrew School, and summer camp expenses. The plaintiff thereafter submitted findings of fact and a judgment of divorce which allegedly reflected the parties' stipulation. The Supreme Court signed both documents but made numerous changes to the decretal paragraphs contained in the judgment. As a result, two of the decretal paragraphs in the judgment do not accurately reflect the parties' stipulation.

The stipulation provides that, "if [the plaintiff] is employed," the defendant would reimburse her for two thirds of the uninsured or unreimbursed medical expenses for their child. The plaintiff's proposed judgment contained a decretal paragraph which provided that if she was unemployed the defendant would pay 100% of these expenses. However, the Supreme Court modified that decretal paragraph to provide that the plaintiff would receive only two thirds of uninsured or unreim-

bursed medical expenses if she was unemployed and made no provision for the defendant's payment of these expenses if the plaintiff was employed. The defendant concedes that the parties intended that he would pay two thirds of these expenses regardless of the plaintiff's employment status. The plaintiff's argument that the defendant should pay 100% of these expenses if she is unemployed is not reflected in the parties' stipulation. Accordingly, the judgment is modified to conform with the stipulation.

The eleventh decretal paragraph also does not accurately reflect the parties' stipulation. While the judgment provides that the defendant shall reimburse the plaintiff for two thirds of the cost of Hebrew School if the plaintiff is unemployed, the defendant concedes that he agreed to pay the entire cost of Hebrew School if the plaintiff was unemployed and two thirds of the cost of Hebrew School if the plaintiff was employed. The defendant also concedes that he agreed to pay two thirds of the cost of the child's summer camp whether the plaintiff is employed or not. Thus, the eleventh decretal paragraph must be modified to accurately reflect the parties' stipulation.

Finally, the Supreme Court erred in failing, without explanation, to award the plaintiff an attorney's fee. The parties stipulated that the issue of the plaintiff's attorney's fees was to be submitted to the court based upon the affirmation of her then-attorney, Douglas R. Rothkopf, and "the Court will enter into the final Judgment of Divorce a sum for the reimbursement to the plaintiff of counsel fees and disbursements if any, and in the Court's sole discretion." The plaintiff specifically waived any claim for reimbursement of attorney's fees paid to her previous attorneys.

The decision to award an attorney's fee lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court (see, Domestic Relations Law § 237 [a], [c]; O'Brien v O'Brien, 66 NY2d 576, 590). Considering the disparity in the incomes of the parties, we find that the plaintiff should have been awarded the sum of $25,494.14 for reimbursement of her attorney's fees, disbursements, and expenses (see, Domestic Relations Law § 237 [a]; Kalinich v Kalinich, 234 AD2d 344; Merzon v Merzon, 210 AD2d 462, 464).

The plaintiff's remaining contentions are without merit.

To the extent that the defendant is seeking modification of the judgment, we decline to review his argument, as he did not serve a notice of appeal or cross appeal (see, Matter of O'Reilly v Nedelka, 212 AD2d 714, 715). Altman, J.P., Krausman, Goldstein and Crane, JJ., concur.