■ MARY C. TAYLOR, Respondent, v JAMES S. TAYLOR, Appellant. [751 NYS2d 282] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered July 9, 2001, as, after a nonjury trial,

directed him to pay maintenance in the sum of $675 per week until he retires or until the plaintiff attains the age of 65, whichever occurs later, and two orders of the same court, both entered July 9, 2001.

Ordered that the judgment is modified, as a matter of discretion, by reducing the award of maintenance from the sum of $675 per week to $600 per week; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeals from the orders entered July 9, 2001, are dismissed as abandoned, without costs or disbursements.

The defendant contends that the Supreme Court erred in continuing his maintenance obligation until the plaintiff attains the age of 65 or until he retires, whichever occurs later. The parties were married for over 27 years when the action was commenced. The plaintiff ceased working outside the home to raise the parties' children, and the parties stipulated that her medical condition precludes gainful employment in the future. The defendant was steadily employed during the marriage and has the potential to increase his future earnings. Given the disparity in the parties' financial circumstances, the court providently exercised its discretion in directing the defendant to pay maintenance until the plaintiff becomes eligible for full Social Security benefits at the age of 65, or until he retires, whichever occurs later, or until the death or remarriage of the plaintiff (*see e.g. Treffiletti v Treffiletti,* 252 AD2d 635; *Seminerio v Seminerio,* 222 AD2d 427; *Damato v Damato,* 215 AD2d 348).

Considering the factors relevant to an award of maintenance (*see* Domestic Relations Law § 236 [B] [6] [a] [1]-[11]; *Hartog v Hartog,* 85 NY2d 36, 50-52; *Feldman v Feldman,* 194 AD2d 207), particularly the plaintiff's inability to earn any income, the Supreme Court providently exercised its discretion in determining that the plaintiff is entitled to maintenance payments sufficient to meet her reasonable expenses. However, the evidence established that an award of maintenance of $600 per week is sufficient to meet those expenses.

Accordingly, the judgment is modified to reduce the defendant's maintenance payments to $600 per week. Santucci, J.P., Feuerstein, O'Brien and Luciano, JJ., concur.