■ In the Matter of SUPERIOR LEATHER COMPANY, INC., Respondent, v LIPMAN SPLIT COMPANY, INC., et al., Respondents, and MOHAWK LEATHER COMPANY, INC., Appellant.— Main, J. P. Appeal from an order of the Supreme Court at Special Term (Brown, J.), entered January 21, 1985 in Montgomery County, which partially granted petitioner's application, in a proceeding pursuant to CPLR 5225 and 5227, for an order directing respondents to pay $45,317.95 to petitioner.

Petitioner obtained a judgment in the amount of $45,317.95 against respondent Lipman Split Company, Inc. (Lipman), in March 1982. No part of that judgment has been satisfied, however, because Lipman had transferred its assets to respondent Mohawk Leather Company, Inc. (Mohawk), in November 1981, at which time petitioner's action against Lipman, which resulted in the judgment in question, was pending. In exchange for the assets that it received, Mohawk had delivered to Lipman a promissory note, which was then immediately conveyed by Lipman to Martin & Stewart, Ltd., of Montreal, Canada, purportedly in exchange for the cancellation by Martin & Stewart of an equivalent amount of Lipman's indebtedness to it.

Petitioner instituted the instant proceeding seeking an amount equal to the unsatisfied judgment against Lipman. Petitioner then moved for summary judgment, and Special Term granted the motion as against Lipman and Mohawk on the ground that the transfer of assets from Lipman to Mohawk was fraudulent as a matter of law. This appeal by Mohawk ensued.

We affirm. Debtor and Creditor Law § 273-a provides: "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." Here, Clinton Henderson, secretary of and one

of only three stockholders in Lipman, admitted at an examination before trial that the transfer of assets to Mohawk and the assignment of Mohawk's note to Martin & Stewart occurred at a time when petitioner's action for money damages, which resulted in the unsatisfied judgment in question, was pending. Thus, if the transfer and the assignment were made without fair consideration, they were fraudulent as to petitioner without regard to the actual intent of Lipman at the time of such conveyances (see, Gelbard v Esses, 96 AD2d 573, 575-576). An indispensable component of fair consideration is good faith on the part of the judgment debtor who makes a conveyance (Debtor and Creditor Law § 272; see, Clarkson Co. v Shaheen, 533 F Supp 905, 931).

Here, as noted by Special Term, the transfers that took place among Lipman, Mohawk and Martin & Stewart amounted to nothing more than the intercorporate shuffling of assets and debts for the purpose of rendering uncollectable any money judgment against Lipman. For example, Henderson, who was aware of the pendency of petitioner's original action against Lipman at the time of the transfers in question, was at once secretary of both Lipman and of Mohawk, the transferor and transferee of the assets. In addition, he was one of only three shareholders of all of Lipman's stock. One of the other two Lipman shareholders was his father, George Henderson, who served as president of Martin & Stewart. Clearly, such an intercorporate shuffling of assets and debts was done in the absence of good faith to take advantage of Lipman's creditors, thus rendering the conveyances fraudulent (see, Debtor and Creditor Law §§ 272, 273-a; Southern Indus. v Jeremias, 66 AD2d 178, 183; Clarkson Co. v Shaheen, supra, p 931). Because Mohawk failed to show anything to the contrary and because we perceive the presence of no factual issues, we conclude that Special Term was correct in granting summary judgment against Mohawk (see, County of Dutchess v Dutchess Sanitation Servs., 86 AD2d 884, 885-886, appeal dismissed 56 NY2d 1033).

Order affirmed, with costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.