■ DIANE L. EDE, Respondent, v KEVIN A. EDE, Defendant, and DENNIS W. EDE, Appellant. [598 NYS2d 90] —Weiss, P. J. Appeal from an order of the Supreme Court (Fischer, J.), entered February 25, 1992 in Broome County, upon a decision of the court in favor of plaintiff.

The issue in this appeal is focused upon the conveyance of a fractional portion of ownership of a parcel of land in the Town of Vestal, Broome County, by plaintiff's former husband, defendant Kevin A. Ede (hereinafter Kevin), to his brother, defendant Dennis W. Ede (hereinafter Dennis). The facts briefly stated are that a $2,500 judgment was granted to plaintiff against Kevin for arrearage in payment of child support required by the divorce decree,* and that another

---

* Plaintiff herself had been adjudicated bankrupt and had conveyed her

judgment in favor of Mark Bixby for $3,239.50 was also entered against him. Following entry of these judgments, Kevin executed and delivered the above-described deed which indicated that the consideration was $1 and that no transfer tax was due. Plaintiff commenced this action to set the conveyance aside as fraudulent against his creditors and which resulted in his insolvency. Following a bench trial, Supreme Court found that the conveyance of Kevin's sole remaining asset rendered him insolvent and required that the deed be declared void; the court ordered that the conveyance be set aside, the interest sold by a Referee at public auction and the proceeds be applied to satisfy plaintiff's claims.

In this appeal Dennis has made four arguments, in the first of which he contends that it was error for Supreme Court to have admitted in evidence Kevin's affidavit made August 9, 1989, over objection on the ground that it was tainted by fraud. The argument lacks merit. The affidavit was an admission by a party and not excludable under the hearsay rule *(see, Reed v McCord,* 160 NY 330, 337). Kevin admitted that the value of the property was between $40,000 and $50,000 and that he transferred it to his brother for $1 "for the purpose of keeping it out of the hands of my creditors, including [plaintiff], who then possessed a judgment against me". Any conflict raised by opposing testimony describing the circumstances attendant its execution does no more than present credibility issues for resolution by the trier of fact.

Dennis' remaining arguments focus upon the Debtor and Creditor Law and contend that Supreme Court erred in finding that (1) Kevin was insolvent at the time of the conveyance, (2) the conveyance was not made in good faith, and (3) Kevin's antecedent debt was not fair consideration for the conveyance.

Debtor and Creditor Law § 273 states that "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if * * * made * * * without a fair consideration". Insolvency is present when the fair value of his salable assets is less than the amount required to pay existing debts as they become due (Debtor and Creditor Law § 271 [1]). Equally important, fair consideration requires that the exchange not only be for equivalent value, but also that the conveyance be made in

---

fractional share of title to the same Vestal real property to the trustee in bankruptcy.

good faith *(see, Schmitt v Morgan,* 98 AD2d 934, *appeal dismissed* 62 NY2d 914; *Farm Stores v School Feeding Corp.,* 102 AD2d 249, 254, *affd* 64 NY2d 1065).

The record adequately demonstrates that Kevin was insolvent after the transfer notwithstanding his ownership of a one-fifth interest in real property in the Village of Endicott, Broome County, in which he held a future interest subject to his parents' life estate, an interest so inchoate, uncertain and contingent in nature as to clearly lack a present fair salable value *(see, Farm Stores v School Feeding Corp., supra,* at 253). Moreover, the proof supports the finding by Supreme Court that the transfer was not made in good faith. He faced not only two judgments entered against him but also a pending lawsuit by a bank. Two short months after the subject deed, he made the sworn affidavit previously described which can admit of no finding other than his bad faith. Thus, any evaluation of the adequacy of consideration for the deed aside and antecedent debts notwithstanding *(see, Furlong v Storch,* 132 AD2d 866), good faith was clearly lacking. Having found that the deed was made with intent to defraud plaintiff *(see, Southern Indus. v Jeremias,* 66 AD2d 178, 182-183; *Spear v Spear,* 101 Misc 2d 341), it must be declared void.

Levine, Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.