■ State of New York, Respondent, v Franklin Health Laboratory, Inc., Appellant. (Action No. 1.) State of New York, Respondent, v Keshava C. Shrivastava, Appellant, et al., Defendant. (Action No. 2.) [645 NYS2d 139] —Spain, J. Appeal from an order of the Supreme Court (Keegan, J.), entered March 6, 1995 in Albany County, (1) which granted plaintiff's motion for summary judgment in action No. 1, and (2) granted plaintiff's motion for partial summary judgment in action No. 2.

In late 1987, the State Department of Social Services approved Franklin Health Laboratory, Inc. as a Medicaid provider and authorized it to render services to Medicaid

recipients; the sole source of Franklin's revenue was from Medicaid reimbursements. Keshava Shrivastava was Franklin's president, director and sole shareholder. On June 22, 1988 plaintiff advised Franklin that it was withholding all payments under Medicaid pending the results of an audit to verify the authenticity and propriety of the claims made by Franklin for services rendered to Medicaid patients. By July 1, 1988, Franklin had stopped accepting patients and rendering services. A final audit report was issued on March 9, 1989 wherein it was determined that Franklin had received overpayments totaling $3,619,161. Franklin dissolved on November 15, 1989 and did not appear at a subsequent administrative hearing. Significantly, Shrivastava has admitted that he received a series of eight checks from Franklin between May 14, 1988 and December 30, 1988, which he claims were in payment of an antecedent debt based upon his performance in organizing, setting up and commencing Franklin's business during the years of 1985, 1986 and 1987; Shrivastava also claims that a portion of the total payment was for services rendered in 1988.*

Plaintiff thereafter commenced these actions to recover $3,619,161 in overpayments made to Franklin under Medicaid. In action No. 1, plaintiff sought to recover the overpayments from Franklin; in action No. 2, plaintiff sought to recover the overpayments from Shrivastava upon its assertion that the transfer of $1,515,000 from Franklin to Shrivastava was a fraudulent conveyance under the Debtor and Creditor Law. Plaintiff subsequently moved for summary judgment in action No. 1 and for partial summary judgment in action No. 2 against Shrivastava in the amount of $1,515,000. Defendants cross-moved to dismiss the complaint in action No. 2 with respect to Shrivastava for failure to state a cause of action and with respect to both defendants on the basis that Supreme Court lacked jurisdiction. Supreme Court, *inter alia*, granted plaintiff's motion for summary judgment in action No. 1, ordered judgment against Franklin in the sum of $3,619,000 and granted plaintiff's motion for partial summary judgment in action No. 2, concluding that the transfer of $1,515,000 from Franklin to Shrivastava was, indeed, a fraudulent conveyance.

---

* The record indicates that checks in the total sum of $1,350,620.50 were issued to Shrivastava in the following amounts:

| | | | |
|---|---|---|---|
| May 14, 1988 | — $198,000 | May 18, 1988 | — $290,000 |
| May 21, 1988 | — $205,000 | June 10, 1988 | — $ 42,000 |
| June 10, 1988 | — $290,000 | June 13, 1988 | — $ 30,000 |
| July 6, 1988 | — $ 60,000 | December 30, 1988 | — $235,620.50 |

Supreme Court denied defendant's cross motion as moot. Shrivastava appeals only that part of the order which granted partial summary judgment in action No. 2.

Plaintiff, as movant, had the initial burden of setting forth evidentiary facts sufficient to establish its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). In support of its motion for summary judgment, plaintiff established that Shrivastava was the president, director and sole shareholder of Franklin and, in this capacity, was imputed with the knowledge that plaintiff's payment of Medicaid claims submitted by Franklin were provisional until an audit verifying the authenticity of the payments was completed (*see, Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, *cert denied* 476 US 1115). Plaintiff further established that Shrivastava was aware of ongoing inquiries into Franklin's practices, that Franklin was being audited and that no further reimbursements would be forthcoming pending the results of the audit. The record also reveals that during 1988 Franklin transferred $1,515,000 to Shrivastava even though by the end of 1988 Franklin's liabilities exceeded its assets, thereby rendering it insolvent (*see,* Debtor and Creditor Law § 271 [1]). We conclude that Shrivastava failed to come forward with admissible evidence sufficient to raise a material issue of fact in response to the partial summary judgment motion (*see, Zuckerman v City of New York, supra,* at 562).

Shrivastava's contention that the payments from Franklin to him constituted fair consideration for deferred and current compensation owed is not supported by the record. Further, we reject Shrivastava's contention that because the "lion's share of payments" made to him were made prior to the June 22, 1988 letter informing Franklin that it was the subject of a pending investigation, bad faith cannot be inferred. Franklin's transfers to Shrivastava were preferential transfers as against plaintiff's potential claims and they do not fulfill the good-faith requirement for "fair consideration" under the Debtor and Creditor Law (*see, Farm Stores v School Feeding Corp.,* 102 AD2d 249, *affd* 64 NY2d 1065; *Studley, Inc. v Lefrak,* 66 AD2d 208, 215, *affd* 48 NY2d 954). Shrivastava, as president, director and sole shareholder of Franklin, was charged with the knowledge that any payment made in reimbursement of Medicaid claims represents a provisional rate until an audit is performed and completed (*see, Matter of Cortlandt Nursing Home v Axelrod, supra,* at 178).

Furthermore, Franklin relied solely on Medicaid reimbursement for revenues; consequently Franklin and Shrivastava

were aware that any dispute regarding the Medicaid claims they submitted could result in an overpayment which would require them to reimburse plaintiff for the overpayment, and that such debt could leave Franklin with an unreasonably small amount of capital or render Franklin insolvent. Shrivastava's contention that he should be afforded the same status as any other creditor to Franklin is outrageous. We agree with plaintiff and Supreme Court that Shrivastava is not entitled to compensation for his services in securing Medicaid overpayments. Accordingly, we conclude that Supreme Court properly granted plaintiff's motion for summary judgment holding Shrivastava liable to plaintiff for the $1,515,000 which he received from Franklin.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.