■ BERNER TRUCKING, INC., Appellant, v SANDRA BROWN, as Executor of GREGORY R. BROWN, Deceased, et al., Respondents, et al., Defendants. [722 NYS2d 656] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff entered into a contract with defendant Mobile Treatment Technologies, Inc. (Mobile) in early 1988 whereby plaintiff would be paid to haul waste. Plaintiff performed under the contract from May through July 1988 and billed Mobile. Mobile made partial payments, but was unable to make full payment of the amount due. Plaintiff commenced an action against Mobile in Ohio in November 1988, but it was dismissed for lack of jurisdiction. Plaintiff then commenced an action in New York in June 1989 and obtained a judgment against Mobile. Plaintiff has been unable to collect on that judgment and commenced this action seeking to set aside as fraudulent certain conveyances made by Mobile. Plaintiff moved for summary judgment against Gregory R. Brown and Frank's Vacuum Truck Service, Inc. (Frank's) (collectively defendants). Supreme Court erred in denying plaintiff's motion in its entirety.

We conclude that plaintiff is not entitled to summary judgment with respect to the conveyances made before June 26, 1989, the date on which plaintiff commenced a lawsuit against Mobile in Supreme Court. Debtor and Creditor Law § 273 applies to those conveyances and, to establish entitlement to summary judgment under that section, plaintiff had to establish that Mobile was rendered insolvent by the conveyances made to Gregory Brown and Frank's, and that the conveyances were made without fair consideration (*see, Epstein v Nieves*, 258 AD2d 436; *Taylor-Outten v Taylor*, 248 AD2d 934, 935; *Matter of American Inv. Bank v Marine Midland Bank*, 191 AD2d 690, 691-692). We agree with the court that plaintiff failed to meet its burden of establishing that Mobile was rendered insolvent by the conveyances at issue. In any event, even assuming, arguendo, that plaintiff met its burden, we conclude that defendants raised triable issues of fact.

We conclude, however, that plaintiff is entitled to summary judgment with respect to the conveyances made on or after June 26, 1989. Debtor and Creditor Law § 273-a applies to those conveyances, and provides that "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment" (Debtor and Creditor Law § 273-a; see, Taylor-Outten v Taylor, supra, at 934-935). As a preliminary matter, we reject plaintiff's contention that Debtor and Creditor Law § 273-a applies to the time period during which the Ohio lawsuit was pending. That lawsuit was dismissed and did not result in a judgment against Mobile.

We conclude that plaintiff met its burden under section 273-a, and defendants failed to raise a triable issue of fact. Defendants contend that plaintiff failed to establish that the conveyances were made without fair consideration. We disagree. Fair consideration is given for property or an obligation "[w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied" (Debtor and Creditor Law § 272 [a]). Good faith is required of both the transferor and the transferee (see, Julien J. Studley, Inc. v Lefrak, 66 AD2d 208, 213, affd 48 NY2d 954), and it is lacking when there is a failure to deal honestly, fairly, and openly (see, Smith v Kanter, 273 AD2d 793, 795, lv denied 95 NY2d 764; Matter of Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria v Upstate Bldg. Corp., 262 AD2d 981, 982).

Even assuming, arguendo, that the conveyances here were made in satisfaction of an antecedent debt, we conclude that they were not made in good faith. Gregory Brown was the president of Mobile and an officer of Frank's; he was a shareholder of both corporations, and it is undisputed that the checks from Mobile's account were issued at the direction of Brown. Under these circumstances, the conveyances made by Mobile to Brown, one of its officers and shareholders, and by Mobile to Frank's, a corporation controlled by Brown, were not made in good faith (see, Farm Stores v School Feeding Corp., 102 AD2d 249, 254-255, affd in part and appeal dismissed in part 64 NY2d 1065; Studley, Inc. v Lefrak, supra, at 215-216; State of New York v Franklin Health Lab., 229 AD2d 641, 643, lv dismissed 88 NY2d 1065; Blakeslee v Rabinor, 182 AD2d 390, 391, lv denied 82 NY2d 655; Southern Indus. v Jeremias, 66 AD2d 178, 184-185).

We therefore modify the order by granting that part of plaintiff's motion for summary judgment with respect to the conveyances made on or after June 26, 1989. Although plaintiff listed those conveyances in support of its motion, the amounts thereof were disputed, particularly with respect to the value of the automobile. We therefore remit the matter to Supreme Court to determine the amount owing to plaintiff. (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Scudder and Burns, JJ.