■ In the Matter of MEGA PERSONAL LINES, INC., Appellant, v ROBERT L. HALTON et al., Respondents. MEGA GROUP, INC., Appellant. [746 NYS2d 204] —Lahtinen, J.

Petitioner commenced this proceeding pursuant to CPLR 5239 seeking a determination that certain property executed upon by respondents Robert L. Halton and Diane Halton (hereinafter collectively referred to as respondents) to partially satisfy a judgment that respondents held against Mega Group, Inc. was, in fact, property of petitioner and not Mega Group. Respondents moved to dismiss the petition asserting that the transaction in which Mega Group purported to transfer its assets to petitioner was fraudulent. Finding that respondents

had effectively moved for summary judgment and that factual issues existed, Supreme Court denied the motion and, thus, ordered a trial. Petitioner appeals.[1]

"The same test that is applied to a motion for summary judgment is used to determine a special proceeding * * *" (*Matter of Jones v Marcy*, 135 AD2d 887, 888 [citations omitted]; *see, Matter of Port of N.Y. Auth. [62 Cortlandt St. Realty Co.]*, 18 NY2d 250, 255, *cert denied sub nom. McInnes v Port of N.Y. Auth.*, 385 US 1006). Thus, if genuine factual issues exist, they must be resolved in a trial (*see,* CPLR 5239; *Matter of American Pride Constr. v Russ Freeman Excavating*, 182 AD2d 940). In the current appeal, respondents are opposing a summary determination and, therefore, the evidence in the record must be viewed in the light most favorable to them (*see, Barker v Kallash*, 63 NY2d 19, 23).

Respondents served a $500,000 counterclaim on Mega Group, a financially troubled insurance broker, in March 2000. Shortly thereafter, in April 2000, Mega Group purported to sell its assets, but not its liabilities, to petitioner. Respondents eventually obtained a $441,342 judgment on their counterclaim against Mega Group in October 2000 (*Mega Group v Halton*, 290 AD2d 673).

Petitioner alleges that its transaction with Mega Group was not fraudulent because it paid $427,000 to Mega Group. The record reflects significant factual issues regarding the actual amount paid. For example, part of the consideration was comprised of forgiving a purported $127,000 debt owed by Mega Group to its president (who also owned a 40% interest in petitioner). However, no written records were submitted to substantiate the debt. Furthermore, the assets received by petitioner from Mega Group allegedly included a cash bank account of $50,649, which effectively reduced the purported purchase price by the amount in the bank account. In addition to these and other questions about the actual amount paid by petitioner, it merits noting that petitioner did not incorporate until 10 days after the sale, it did not obtain an agent's license until December 2000 and, between April 2000 and December 2000, Mega Group continued to receive profit sharing and com-

---

1. Mega Group, although not a party to the proceeding before Supreme Court, moved before this Court to intervene as an interested party and, upon the grant of its motion, it has submitted a brief supporting the position of petitioner.

mission payments that it had purportedly sold to petitioner.[2] Moreover, petitioner's president was a former officer of Mega Group. Petitioner's contention that it is entitled to a summary determination in its favor is devoid of merit. At the time of the purported sale of Mega Group's assets to petitioner, a claim had been asserted against Mega Group for $500,000, such claim resulted in a judgment in favor of respondents and the vast majority of the judgment remains unpaid. The timing of the sale, the relationship of the parties to the sale and the lack of clarity regarding the actual consideration for the sale are among the host of circumstances raising factual issues as to whether the sale was fraudulent within the meaning of the Debtor and Creditor Law (*see*, Debtor and Creditor Law §§ 273-a, 276; *Matter of Prudential Blake Realty v Schenectady Indus. Dev. Agency*, 255 AD2d 622; *Blakeslee v Rabinor*, 182 AD2d 390, *lv denied* 82 NY2d 655).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** Since petitioner was not yet licensed to do business, Mega Group collected the money, deposited it in its own account and then remitted the same to petitioner. This fund supplied a source for respondents' execution.