◼ In the Matter of MEGA PERSONAL LINES, INC., et al., Appellants, v DIANNE HALTON, Individually and as Executor of ROBERT L. HALTON, Deceased, et al., Respondents. [780 NYS2d 409]—

Rose, J. Appeal from an order and judgment of the Supreme Court (Nolan, Jr., J.), entered June 26, 2003 in Saratoga County, which, in a proceeding pursuant to CPLR 5239, inter alia, granted a motion by respondent Dianne Halton and Robert L. Halton for partial summary judgment.

Petitioner Mega Group, Inc. commenced an action against Robert L. Halton* and respondent Dianne Halton (hereinafter collectively referred to as respondents) and respondents then interposed a counterclaim for money damages. During the pendency of their counterclaim, Mega Group transferred substantially all of its assets to petitioner Mega Personal Lines, Inc. (hereinafter MPL). Respondents later obtained a judgment against Mega Group and sought to enforce it by restraining certain funds held by third parties. MPL then commenced this proceeding seeking a determination that the restrained funds are, in fact, the property of MPL and not Mega Group. Respondents moved to dismiss the petition on the ground, among others, that the transfer of substantially all of Mega Group's assets to MPL, after respondents had interposed their counterclaim against Mega Group, was fraudulent within the meaning of Debtor and Creditor Law § 273-a. Treating the motion as one for summary judgment and finding that questions of fact existed as to whether there was equivalent value given for the transfer of Mega Group's assets, Supreme Court denied the motion and we affirmed (297 AD2d 428 [2002]).

Following discovery, respondents moved for partial summary judgment, this time arguing Mega Group's lack of good faith. Finding the good faith component of fair consideration as defined by Debtor and Creditor Law § 272 to be lacking as a matter of law—regardless of whether Mega Group received equivalent value for its assets—because Steven Gregory, Mega Group's president and majority shareholder, also held an ownership interest in MPL at the time of the transfer, Supreme Court granted respondents' motion. Petitioners now appeal.

Initially, we reject petitioners' procedural contention that Supreme Court erred by entertaining a second summary judg-

---

* Robert L. Halton, a named respondent in this proceeding, died while this appeal was pending and his wife, respondent Dianne Halton, has been substituted for him.

ment motion. Because respondents' second motion was made after the completion of discovery and, significantly, it turns upon an issue not previously decided, Supreme Court acted well within its broad discretion (*see Baker v Vanderbilt Co.,* 260 AD2d 750, 751-752 [1999]; *Robbins v K-Mart Corp.,* 248 AD2d 867, 868 [1998]).

We reach a different conclusion, however, as to Supreme Court's determination that summary judgment should be granted here. In order to prevail under Debtor and Creditor Law § 273-a, respondents were required to prove that the transferor was a defendant in an action for money damages at the time of the transfer, the transferor has not satisfied the resulting judgment and the transfer was made without fair consideration (*see Berner Trucking v Brown,* 281 AD2d 924, 925 [2001]). There is no real dispute here as to the first two elements. The third element, fair consideration, exists when, in exchange for property or an obligation, "as a fair equivalent therefor, *and in good faith,* property is conveyed or an antecedent debt is satisfied" (Debtor and Creditor Law § 272 [a] [emphasis added]). The good faith of both the transferor and transferee is an indispensable component of fair consideration (*see Matter of Superior Leather Co. v Lipman Split Co.,* 116 AD2d 796, 797 [1986]; *Studley, Inc. v Lefrak,* 66 AD2d 208, 213 [1979], *affd* 48 NY2d 954 [1979]). Supreme Court resolved this disputed component by first finding that Gregory was a Mega Group insider with an ownership interest in MPL at the time of the transfer, and then inferring a lack of good faith as a matter of law. While we agree with Supreme Court's premise that the transfer of corporate assets to an insider establishes a lack of good faith as a matter of law, we note that the principle requires the transfer of assets either directly to the insider or to an entity controlled by the insider (*see Matter of P.A. Bldg. Co. v Silverman,* 298 AD2d 327, 328 [2002]; *Berner Trucking v Brown, supra; Manufacturers & Traders Trust Co. v Lauer's Furniture Acquisition,* 226 AD2d 1056, 1057 [1996], *lv dismissed* 88 NY2d 962 [1996]; *Farm Stores v School Feeding Corp.,* 102 AD2d 249, 254 [1984], *affd in part* 64 NY2d 1065 [1985]). Thus, a corporate insider's participation in both the transferor and the transferee is not sufficient to resolve the issue as a matter of law unless the insider controls the transferee. When the insider is the transferee or controls the transferee, there can be no factual dispute that the purpose of the transfer was to confer on the insider a preference over other creditors (*see Matter of Superior Leather Co. v Lipman Split Co., supra* at 797).

While we agree with Supreme Court that Gregory's affidavit

raises only feigned factual issues designed to avoid the consequences of his earlier deposition testimony admitting his interest in MPL at the time of transfer (*see Richter v Collier,* 5 AD3d 1003, 1004 [2004]; *Martin v Savage,* 299 AD2d 903, 904 [2002]), there is no evidence that his 40% interest was a controlling one or that MPL was merely an alter ego of either Gregory or Mega Group. Also, MPL offered evidence that Gregory did not effectively control MPL. This question of control is sufficient to raise a triable issue of fact as to whether there was a shuffling of corporate assets that gave a preference to Gregory's interests over respondents' claim (*see Rebh v Rotterdam Ventures,* 252 AD2d 609, 611 [1998]).

Spain, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion of respondent Dianne Halton and Robert L. Halton for partial summary judgment; motion denied; and, as so modified, affirmed.