■ JASON FANE, Respondent, v NEAL HOWARD, Appellant, et al., Defendants. [788 NYS2d 432]—

Crew III, J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered September 23, 2003 in Tompkins County, which, inter alia, granted plaintiff's cross motion for summary judgment.

In 1996, plaintiff commenced an action against defendant Certified Properties, Inc. (hereinafter CPI) seeking to recover for incorrect/over billing of maintenance and repair expenses on property that CPI managed for plaintiff. At the time, CPI was owned by defendant Patricia Howard and operated by defendant Neal Howard (hereinafter defendant) and, at all times relevant to this action, was engaged in the business of managing certain rental properties in Tompkins County.

In 2000, the parties entered into arbitration in an effort to resolve their dispute. In the interim, defendants entered into negotiations to sell CPI to Barry Valentine and Shane Varricchio, who, after November 1998, operated the business under the name of "Certified Properties of Tompkins County, Inc." (hereinafter CPT) using the same supplies, equipment and

premises formerly utilized by CPI. Under the terms of the transaction, CPT issued a promissory note to CPI in the amount of $135,000, payable in 60 monthly installments, and also assumed an obligation to pay rent on the subject premises. Although it appears that CPT initially issued two checks each month—one to CPI under the terms of the promissory note and one to defendant as payment for rent—CPT, as a matter of apparent convenience, thereafter merged these payments and issued one check directly to defendant, which he then deposited into his personal checking account.

Thereafter, in February 2001, upon confirmation of the arbitration award, plaintiff obtained a judgment against CPI for $136,223. As the promissory note from CPT was CPI's only asset, plaintiff was to receive the monthly payments due thereunder. To that end, a restraining notice to garnishee was issued to CPI forbidding it to sell, assign or transfer any of CPI's assets.

Although the remaining payments were applied to plaintiff's judgment, plaintiff nonetheless was left with a deficiency of approximately $72,000, prompting him to commence this action to recover the balance due on his judgment. Following joinder of issue and discovery, defendants moved for summary judgment and plaintiff cross-moved for similar relief. Supreme Court denied defendants' motion and granted plaintiff's cross motion, finding that the sale of CPI was a fraudulent conveyance within the meaning of Debtor and Creditor Law § 273-a. This appeal by defendant ensued.

We affirm. Debtor and Creditor Law § 273-a provides that "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." Thus, in order to prevail on his cross motion for summary judgment, plaintiff was required to prove that CPI was a defendant in an action for money damages at the time of the transfer, that CPI has not satisfied the resulting judgment and that the underlying transfer was made without fair consideration (see *Matter of Mega Personal Lines, Inc. v Halton*, 9 AD3d 553, 555 [2004]).

Here, there is no real dispute as to the first two elements. Hence, our inquiry distills to whether the transaction here was made without fair consideration. In this regard, the case law makes clear that "fair consideration . . . exists when, in exchange for property or an obligation, 'as a fair equivalent therefor, *and in good faith*, property is conveyed or an anteced-

ent debt is satisfied' " (*id.* at 555 [emphasis added], quoting Debtor and Creditor Law § 272 [a]; *see Berner Trucking v Brown*, 281 AD2d 924, 925 [2001]). The good faith of both the transferor and the transferee is regarded as an "indispensable component" of fair consideration (*see Matter of Mega Personal Lines, Inc. v Halton, supra* at 555; *Matter of Superior Leather Co. v Lipman Split Co.*, 116 AD2d 796, 797 [1986]).

Based upon our review of the record as a whole, we cannot say that Supreme Court erred in concluding that the underlying transaction lacked fair consideration. The record reflects that with regard to the monthly payments made by CPT prior to plaintiff obtaining his judgment against CPI, 26 of those payments were made directly to defendant, deposited into his personal checking account and utilized for "some other purpose" unrelated to the obligations of CPI. Although defendant testified that these proceeds eventually were credited to CPI through an "income tax" function, and his accountant apparently amended CPI's 1999 tax return to categorize the proceeds received by defendant as "management fees," no one could identify what, if any services, defendant performed on behalf of CPI for such fees. Given defendant's status as the general manager of CPI, his personal receipt and use of the proceeds from the underlying conveyance at a time when CPI was a named defendant in an action for money damages plainly evidences a lack of good faith and, hence, renders the underlying transaction a fraudulent conveyance. Accordingly, plaintiff's cross motion for summary judgment was properly granted.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment is affirmed, with costs.