■ Loretta Murin, Respondent, v Estate of Brian Schwalen, Defendant, and Angela Davis, Appellant. [819 NYS2d 341]—

Crew III, J. Appeal from an order of the Supreme Court (Bradley, J.), entered September 20, 2005 in Ulster County, which, inter alia, partially granted plaintiff's motion for summary judgment.

Plaintiff, the former spouse of decedent Brian Schwalen and a creditor of his estate, commenced this action against decedent's estate and defendant Angela Davis (hereinafter defendant), with whom decedent lived for a number of years prior to his death in December 2003, seeking, in the first three causes of action, to set aside two separate conveyances of real property from decedent to defendant upon the ground that such convey-

ances were fraudulent within the meaning of Debtor and Creditor Law §§ 273, 273-a and 276. The remaining causes of action, as set forth in plaintiff's amended complaint, sought relief concerning certain child support obligations allegedly owed to plaintiff by decedent pursuant to their judgment of divorce. Following joinder of issue and discovery, plaintiff moved for summary judgment. Supreme Court denied plaintiff's motion as to the fourth, fifth and sixth causes of action against decedent's estate relative to his child support obligations, finding that the estate did not then exist,[1] had not been served and, hence, was not a party to this litigation. As to the causes of action under the Debtor and Creditor Law, Supreme Court granted plaintiff's motion for summary judgment as to the first and second causes of action, finding that the subject conveyances violated Debtor and Creditor Law §§ 273 and 273-a. Supreme Court did, however, deny plaintiff's motion as to her third cause of action alleging a violation of Debtor and Creditor Law § 276, finding a question of fact as to whether decedent and defendant intended to defraud decedent's creditors.[2] This appeal by defendant ensued.

Debtor and Creditor Law § 273 provides that "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Accordingly, "both insolvency and lack of fair consideration are prerequisites to a finding of constructive fraud under [the statute], and the burden of proving these elements is upon the party challenging the conveyance" (*Joslin v Lopez*, 309 AD2d 837, 838 [2003]). Actual motive or intent to defraud on the part of the transferor need not be shown (*see Gallagher v Kirschner*, 220 AD2d 948, 949 [1995]). A person is deemed insolvent when "the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured" (Debtor and Creditor Law § 271 [1]; *see Ede v Ede*, 193 AD2d 940, 941 [1993]), and "fair consideration requires that the exchange not only be for equivalent value, but also that the conveyance be made in good faith" (*Ede v Ede, supra* at 941-942; *see* Debtor and Creditor Law § 272).

---

1. Although decedent apparently left a will, a personal representative for the estate had yet to be appointed.

2. To the extent that the decretal portion of Supreme Court's order indicates that plaintiff was granted summary judgment as to her first and third causes of action, a review of the court's decision reveals that summary judgment actually was granted as to plaintiff's first and second causes of action.

Here, the record reflects that plaintiff and decedent were the former owners of certain real property located in the Town of Olive, Ulster County (hereinafter the Olivebridge property). In August 1998, as part of their divorce settlement, plaintiff deeded her interest in the property to decedent. Shortly thereafter, the house located on that property suffered significant fire damage. In June 2000, decedent deeded the Olivebridge property to defendant. Although the consideration stated in the deed was $10 and no transfer tax was paid, defendant testified that decedent conveyed the property to her as compensation for the 3,000 hours she purportedly devoted to the rebuilding effort following the fire.

The record further reflects that defendant and decedent acquired an unimproved parcel of land located in the Town of Marbletown, Ulster County (hereinafter the Marbletown property), as joint tenants with a right of survivorship in August 2001. The purchase price was $96,000; one half of that amount was paid at closing and the seller took a mortgage for the remaining $48,000. In September 2003, decedent deeded his one-half interest in the property to defendant. The consideration stated in the deed was $1 and, as with the conveyance of the Olivebridge property, no transfer tax was paid. According to defendant, the transfer of the Marbletown property was in recognition of the roughly $50,000 that decedent purportedly squandered from the home equity line of credit that defendant obtained on the Olivebridge property in January 2003.

The issue thus distills to whether decedent was insolvent when he conveyed the subject parcels to defendant (or was rendered insolvent thereby) and whether such conveyances were supported by fair consideration. Initially, we agree with Supreme Court's finding that decedent was insolvent either at the time of or as a result of the conveyance of the Olivebridge property. In this regard, defendant acknowledged at her examination before trial that, at the time that he conveyed the Olivebridge property to her in June 2000, decedent did not have any assets other than his car, a 1987 Audi, and decedent's Social Security records do not reflect that decedent earned any income after 1998. According to defendant, decedent was an incurable alcoholic who spent whatever money was available to him. As to decedent's debts as of June 2000, although it appears that plaintiff and decedent reached a settlement as to the then outstanding child support arrears in May 2000, which decedent paid, and that no arrears were owed at that time, decedent nonetheless had an ongoing biweekly child support obligation of $394. Such proof, in our view, was sufficient to sustain plaintiff's burden of demonstrating decedent's insolvency.

In opposition, defendant tendered an affidavit wherein she averred that decedent owned two automobiles, a trailer, certain household furnishings and various personal effects at the time that he conveyed the Olivebridge property to her, as well as an interest in the insurance proceeds from the fire. Not only is defendant's affidavit contrary to her examination before trial testimony, but only a portion of the assets listed by defendant are assigned a value and the source of such valuation is not identified. With regard to the insurance proceeds, all defendant established was that decedent received what appears to be the final check from the insurance company in December 2000 in the amount of $18,720. The circumstances under which such payment was made and decedent's entitlement to those moneys as of the June 2000 conveyance is not established in the record. Under such circumstances, we agree with Supreme Court that defendant failed to raise a question of fact as to insolvency.

We reach a similar conclusion regarding the issue of fair consideration. Defendant testified that the Olivebridge property was assessed at $63,000 as of June 2000, and that she rendered $60,000 worth of construction/management services to decedent following the fire in 1998. Defendant, however, failed to detail the list of services she provided, document the 3,000 hours that she purportedly devoted to the rebuilding effort and/or substantiate the reasonableness of the $20 per hour value that she placed on her services. Moreover, although not determinative, the fact that defendant was able to obtain a $100,000 home equity line of credit in January 2003 that was secured by the Olivebridge property—despite the fact that the house still lacked central heat and for which defendant had been unable to obtain a certificate of occupancy—strongly suggests that the value of the property exceeded the assessed value of $63,000 as of June 2000. Under such circumstances, we cannot say that Supreme Court erred in concluding that the conveyance of the Olivebridge property lacked fair consideration.

Turning to the Marbletown property, defendant does not appear to contest that decedent was insolvent when he conveyed such property to her in September 2003 and, in any event, the record reflects that decedent did not have any assets at this point in time. Hence, the first prong of the test set forth in Debtor and Creditor Law § 273 was satisfied. As to the issue of fair consideration, defendant argues that the conveyance was intended to reimburse her for the debt she incurred on the home equity line of credit after decedent, through his inattentiveness, permitted an unscrupulous contractor to "rip [them] off" for $50,000. While an antecedent debt indeed may

provide fair consideration for a conveyance of real property (*see Joslin v Lopez*, 309 AD2d 837, 838 [2003], *supra*), defendant's conclusory and undocumented allegations as to both the existence of the debt and the circumstances under which it was incurred are insufficient to raise a question of fact as to fair consideration. Accordingly, Supreme Court quite properly granted plaintiff's motion for summary judgment as to her first cause of action seeking to set aside the Olivebridge and Marbletown conveyances as fraudulent within the meaning of Debtor and Creditor Law § 273.

Turning to plaintiff's second cause of action,[3] in order to prevail under Debtor and Creditor Law § 273-a, plaintiff was required to demonstrate that decedent was a defendant in an action for money damages (or had a judgment docketed against him) at the time of the underlying conveyances, that the resulting judgments remained unsatisfied and that the underlying conveyances were made without fair consideration (*see Fane v Howard*, 13 AD3d 950, 951 [2004]; *Matter of Mega Personal Lines, Inc. v Halton*, 9 AD3d 553, 555 [2004]). With regard to the Olivebridge property, we are persuaded that a question of fact exists as to whether decedent was a defendant in an action for money damages or had a judgment docketed against him at the time the property was conveyed in June 2000. Although the record contains both a Family Court order dated May 24, 2000 establishing child support arrears in the amount of $5,684.80 and evidence of docketed judgments dating back to March 2000, plaintiff conceded at her examination before trial that she and decedent reached a settlement as to arrears in May 2000, that decedent did in fact pay what he owed and that as of May 2000, no further arrears were owed. That being the case, plaintiff did not demonstrate her entitlement to judgment as a matter of law under Debtor and Creditor Law § 273-a with regard to the Olivebridge conveyance.

We reach a contrary conclusion, however, with respect to the Marbletown conveyance. The record reflects, and defendant does not dispute, that plaintiff commenced a violation proceeding in Family Court in August 2003 seeking arrears in the amount of $25,976.55 and received a money judgment against decedent for that sum in October 2003. Thus, plaintiff estab-

---

**3.** Inasmuch as we have concluded that plaintiff is entitled to summary judgment on her first cause of action under Debtor and Creditor Law § 273, any discussion of the alternative relief sought by plaintiff in her second cause of action under Debtor and Creditor Law § 273-a generally would be academic. Given, however, that Supreme Court granted plaintiff summary judgment on both her first and second causes of action, we will address plaintiff's entitlement to summary judgment under Debtor and Creditor Law § 273-a separately.

lished that decedent was a defendant in an action for money damages at the time he conveyed the Marbletown property to defendant in September 2003, and defendant does not dispute that the resulting judgment remained unsatisfied as of decedent's death in December 2003. Plaintiff also established, for the reasons previously discussed, that the subject conveyance lacked fair consideration. Accordingly, we have no quarrel with Supreme Court's decision to grant plaintiff summary judgment on her second cause of action under Debtor and Creditor Law § 273-a as to the Marbletown property.

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment on her second cause of action seeking to set aside the conveyance of certain real property located in the Town of Olive, Ulster County, as fraudulent within the meaning of Debtor and Creditor Law § 273-a; motion denied to said extent; and, as so modified, affirmed.