██ Pozament Corporation, Appellant, v AES Westover, LLC, Respondent. [857 NYS2d 766]—

Malone Jr., J. Appeals (1) from that part of an order of the Supreme Court (Lebous, J.), entered March 7, 2007 in Broome County, which, among other things, granted defendant's cross motion to compute interest on the jury verdict in plaintiff's favor from January 1, 2003, and (2) from the judgment entered thereon.

On July 1, 2000, the parties entered into a contract under which defendant agreed to provide plaintiff with coal fly ash produced at its steam generating station in the Village of Johnson City, Broome County through December 31, 2004. Defendant provided plaintiff with coal fly ash on various dates between September 27, 2000 and November 20, 2000, but failed to do so thereafter. Plaintiff commenced this breach of contract action as a result. Following a trial, the jury rendered a verdict in favor of plaintiff and awarded damages in the amount of $184,456.94. Thereafter, plaintiff moved to fix the date of interest on the verdict as of July 1, 2000, the contract date, or alternatively, as of April 1, 2001, the date the summons and complaint were filed. Defendant, in turn, cross-moved to set aside the verdict or, alternatively, to have interest on the verdict computed in a different manner. Specifically, defendant sought to have interest computed on a monthly basis between December 2000 and December 2004 or from January 1, 2003, the intermediate date of the contract. Supreme Court declined to set aside the verdict and chose January 1, 2003 as the date from which to compute interest.

Plaintiff's sole challenge on appeal is to the date that Supreme Court utilized in computing preverdict interest. CPLR 5001 (b) provides that in a case like this where damages are incurred at various points in time, preverdict interest "shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (see e.g. Danka Off. Imaging Co. v General Bus. Supply, 303 AD2d 883, 886 [2003]). The statute vests the court with broad discretion in determining a reasonable date from which to award interest (see Conway v Icahn & Co., Inc., 16 F3d 504, 512 [1994]). In the case at hand, January 1, 2003 is the approximate halfway point between the time that plaintiff initially began to incur damages due to defendant's breach of the contract and the time that

plaintiff ceased to incur damages due to the expiration of the contract. Supreme Court's selection of this date makes logical sense under the facts of this case. Accordingly, we find that Supreme Court chose a reasonable date from which to compute interest and did not abuse its discretion.

Cardona, P.J., Carpinello, Rose and Stein, JJ., concur. Ordered that the order and judgment are affirmed, with costs. [*See* 14 Misc 3d 1210(A), 2006 NY Slip Op 52473(U).]