Spain, J.
Appeal from an order of the Supreme Court (Mulvey, J.), entered February 9, 2012 in Tompkins County, which granted petitioner’s application, in a proceeding pursuant to CPLR 5225 and 5227, to, among other things, set aside a transfer of assets from respondent Aeon, LLC to respondent Aeon Property Management, LLC.
In 2008, a money judgment in the amount of $54,000 was rendered against respondent Aeon, LLC (hereinafter Aeon) in favor of petitioner. Aeon did not satisfy the judgment and filed a petition for chapter 11 bankruptcy in April 2010. Thereafter, while Aeon was insolvent and had been instructed not to incur any debts without the permission of the Bankruptcy Court, respondent Aeon Property Management, LLC (hereinafter APM) incurred expenses to improve a rental property managed by APM and owned by Aeon located at 727 West Court Street in the City of Ithaca, Tompkins County. Aeon and APM have one sole managing member, Cynthia Yahn. After the Bankruptcy Court ordered that Aeon’s bankruptcy petition be dismissed on January 13, 2011, but before the order of dismissal was entered the next day, Aeon transferred its entire remaining bank balance of $3,173.10 to APM’s bank account. Petitioner thereafter commenced this proceeding to set aside the transfer as fraudulent. Supreme Court held that the transfer was both actually and constructively fraudulent under the Debtor and Creditor Law. Respondents appeal, and we now affirm.
Actual fraud exists where a transfer is made with the intent “to hinder, delay, or defraud either present or future creditors” (Debtor and Creditor Law § 276). “Because direct proof of actual intent is rare, creditors may rely on badges of fraud to establish an inference of fraudulent intent” (Matter of Shelly v Doe, 249 AD2d 756, 758 [1998] [internal quotation marks and citation omitted]). We have held such indicators of fraudulent intent to include “(1) a close relationship between the parties to the transaction, (2) a secret and hasty transfer not in the usual course of business, (3) inadequacy of consideration, (4) the transferor’s knowledge of the creditor’s claim and his or her in *1168 ability to pay it, (5) the use of dummies or fictitious parties, and (6) retention of control of the property by the transferor after the conveyance” (id. at 758).
Here, a close relationship exists between the parties to the transfer, as Yahn is the sole member and manager of both Aeon and APM. She clearly made the transfer in immediate response to the Bankruptcy Court’s order of dismissal with full knowledge of Aeon’s outstanding debt to petitioner and, following the transfer, she remained in control of the property through her control of APM. Proof also was presented that the transfer lacked fair consideration in that the alleged debt that Aeon owed to APM for the improvements to 727 West Court Street is undermined by an affidavit submitted by Aeon’s counsel in conjunction with a motion in opposition to dismissal of the bankruptcy proceeding, which states that Aeon incurred no debt while the bankruptcy petition was pending.* Under these circumstances, we find no basis to disturb Supreme Court’s conclusion that petitioner met its burden of proving that several “badges of fraud” support the finding of actual fraud (see Pritchard v Curtis, 95 AD3d 1379, 1380 [2012]; Insilco Corp. v Star Servs., Inc. of Del., 2 AD3d 343, 344 [2003]).
An ample basis also exists for the conclusion that the transfer was the product of constructive fraud. Under the Debtor and Creditor Law, “[e]very conveyance made and every obligation incurred by a person who is . . . insolvent is fraudulent as to creditors without regard to his [or her] actual intent if the conveyance is made or the obligation is incurred without a fair consideration” (Debtor and Creditor Law § 273; see Murin v Estate of Schwalen, 31 AD3d 1031, 1032 [2006]). A transfer will also be considered constructively fraudulent if, at the time of the transfer, a money judgment has been docketed against the transferor, the transferor has failed to satisfy the judgment and the transfer was made without fair consideration (see Debtor and Creditor Law § 273-a; Murin v Estate of Schwalen, 31 AD3d at 1035; Matter of Superior Leather Co. v Lipman Split Co., 116 AD2d 796, 796-797 [1986]). Fair consideration requires not only equivalency, but also that the transferor and transferee each conduct the transaction in good faith (see Debtor and Creditor Law § 272; Fane v Howard, 13 AD3d 950, 951-952 [2004]).
*1169 As discussed, evidence exists that the transfer lacked fair consideration because Aeon took the position in Bankruptcy Court that it had not incurred any debt during the bankruptcy proceeding. Further, where, as here, a corporate insider participates in both sides of the transfer and the insider controls the transferee, the transfer will be deemed to have been made in bad faith if made to a creditor’s detriment because “there can be no factual dispute that the purpose of the transfer was to confer on the insider a preference over other creditors” (Matter of Mega Personal Lines, Inc. v Halton, 9 AD3d 553, 555 [2004]; see Matter of Superior Leather Co. v Lipman Split Co., 116 AD2d at 797). Here, Yahn’s decision to incur various expenses for repairs to property owned by Aeon during the pendency of its bankruptcy petition and while it was insolvent is sufficient to establish that the transfer immediately following the dismissal of the bankruptcy petition was not made in good faith and, therefore, was made without fair consideration (see State of New York v Franklin Health Lab., 229 AD2d 641, 643 [1996], lv dismissed 88 NY2d 1065 [1996]; Matter of Superior Leather Co. v Lipman Split Co., 116 AD2d at 796-797; compare Mega Personal Lines, Inc. v Halton, 9 AD3d at 555-556). The lack of fair consideration, Aeon’s insolvency at the time that the transfer was made and the unsatisfied judgment in favor of petitioner conclusively establish that the transfer was constructively fraudulent (see Debtor and Creditor Law §§ 273, 273-a; Murin v Estate of Schwalen, 31 AD3d at 1035-1036; State of New York v Franklin Health Lab., 229 AD2d at 643).
Finally, we turn to respondents’ contention that Supreme Court erred in admitting several of petitioner’s exhibits into evidence. Although no proper foundation was laid to admit the challenged records as business records (see CPLR 4518 [a]; Tomanelli v Lizda Realty, 174 AD2d 889, 890 [1991]), five of the six challenged exhibits are records from Aeon’s bankruptcy proceeding of which Supreme Court was entitled to take judicial notice (see Matter of Lagano v Soule, 86 AD3d 665, 667 n 5 [2011]). Further, respondents suffered no prejudice by the introduction of the final contested exhibit—an affidavit of service stating that respondents were served with petitioner’s notice to admit—inasmuch as respondents did not object to the notice to admit itself. Accordingly, any error in admitting the challenged records was harmless (see Matter of Justin EE., 153 AD2d 772, 774 [1989], lv denied 75 NY2d 704 [1990]; Tomanelli v Lizda Realty, 174 AD2d at 890).
Rose, J.E, Stein and Egan Jr., JJ., concur.
Ordered that the order is affirmed, with costs.

 Respondents’ assertion that the debt was not incurred until Aeon was invoiced, after the bankruptcy proceeding was discharged, is unavailing. It is uncontested that APM paid for the services and materials used to improve Aeon’s property prior to the dismissal of Aeon’s bankruptcy petition and, as such, Aeon became indebted to APM at that point, as opposed to when APM chose to invoice Aeon for the debt (see In re First Jersey Sec., Inc., 180 F3d 504, 511 [3d Cir 1999]; Matter of Emerald Oil Co., 695 F2d 833, 837 [5th Cir 1983]).