■ CHEMUNG CANAL TRUST COMPANY, Appellant, v LIVING BETTER, INC., Doing Business as PRUDENTIAL AMBROSE & SHOEMAKER REAL ESTATE, et al., Respondents. [6 NYS3d 789]—

Rose, J. Appeal from that part of an order of the Supreme Court (Rumsey, J.), entered September 6, 2013 in Tompkins County, which dismissed plaintiff's second cause of action upon a decision of the court.

Defendant Malcolm A. Lane and his wife were the owners of defendant Living Better, Inc. (hereinafter LBI), which operated a Prudential Real Estate Affiliates, Inc. franchise purchased in 2006. LBI financed the purchase in part with a loan of approximately $625,000 from M&T Bank and a loan in excess of $100,000 from Prudential. The loan from M&T was secured by a lien on all of the assets of LBI. Lane also personally guaranteed the M&T loan with a mortgage on certain real property that he owned. In 2007, LBI established a business credit card account with plaintiff. The business lost money as a result of the collapse of the real estate market in 2008 and 2009, and Lane's wife commenced divorce proceedings in 2009. The business continued to lose money in 2010 and, as part of the divorce proceedings, Lane became the sole shareholder of LBI.

In September 2010, plaintiff commenced this action alleging that LBI owed approximately $9,800 on its account. In October 2010, LBI conveyed its assets to Lane, who assumed all liability for the debt to M&T, Prudential and LBI's agents and brokers, but not the unsecured debt to plaintiff. At that point, the debt to M&T had grown to $685,000, and the debt to Prudential had grown to $128,000. In December 2010, Lane and LBI sold the franchise and all of its assets, unencumbered by the M&T debt, to Southern Tier Realty Group, LLC for $50,000 in cash and Southern Tier's agreement to assume the liability to Prudential.* Plaintiff thereafter amended its complaint seeking to set aside the transfer by LBI as fraudulent under Debtor and Creditor Law §§ 273 and 276. Following a nonjury trial, Supreme Court concluded that the October and December 2010 transactions were not fraudulent because they satisfied legitimate, existing antecedent debts. Supreme Court dismissed the claims of fraud and entered judgment against LBI for the undisputed amount owed on the account. Plaintiff appeals from that part of the order that declined to set aside the conveyance by LBI as fraudulent, and we now affirm.

Pursuant to Debtor and Creditor Law § 273, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his [or her] actual intent if the conveyance is made or the obligation is incurred without a fair consideration" (*see Matter of Bernasconi v Aeon, LLC*, 105 AD3d 1167, 1168 [2013]; *Murin v Estate of Schwalen*, 31 AD3d 1031, 1032 [2006]). As relevant here, fair consideration is given if property is conveyed or an antecedent debt is satisfied "as a fair equivalent thereof, and in good faith" (Debtor and Creditor Law § 272 [a]; *see Matter of Bernasconi v Aeon, LLC*, 105 AD3d at 1168; *Fane v Howard*, 13 AD3d 950, 951-952 [2004]). Debtor and Creditor Law § 276 provides that "[e]very conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors" (*see Matter of Bernasconi v Aeon, LLC*, 105 AD3d at 1167).

Plaintiff alleges that the lack of notice of the October 2010 transfer of LBI to Lane and Lane's receipt of $50,000 upon the December 2010 sale of the assets to Southern Tier are evidence of an intent to defraud and a lack of good faith by Lane.

* Although LBI had conveyed its assets to Lane in October 2010, LBI had not yet transferred the franchise into Lane's name; thus, LBI continued to hold title and both Lane and LBI were required to be parties to the December 2010 conveyance.

However, while Lane admitted that he did not notify creditors regarding the October 2010 transfer, there is no evidence that LBI was worth more at that time than the outstanding amount of the antecedent debt assumed by Lane. Nor did plaintiff offer any evidence that Lane failed to satisfy any of the antecedent debt of LBI that he assumed in that transfer. Further, the evidence established that the $50,000 proceeds of the December 2010 sale to Southern Tier were placed in the escrow account of Lane's attorney and used to satisfy legitimate liabilities of the franchise, which was still in LBI's name. Thus, Lane and LBI transferred all of the assets of LBI to Southern Tier and Lane received no cash from the sale. Accordingly, we can find no basis to disturb Supreme Court's conclusion that the October and December 2010 conveyances were made in good faith and not fraudulent, even though the effect was to prefer certain creditors over others (*see Zelouf Intl. Corp. v Rivercity, LLC*, 123 AD3d 1114, 1115 [2014]; *Farkas v D'Oca*, 305 AD2d 237, 237 [2003]; *Ultramar Energy v Chase Manhattan Bank*, 191 AD2d 86, 90-91 [1993]).

Peters, P.J., Garry and Lynch, JJ., concur. Ordered that the order is affirmed, with costs.