*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    520219
_____

In the Matter of DENNIS MOGIL
    et al.,
                    Respondents,

        v

BUILDING ESSENTIALS, INC.,                MEMORANDUM AND ORDER
    et al.,
                    Respondent,
        and

TREES UNLIMITED, INC., et al.,
                    Appellants.
_____


Calendar Date:  April 20, 2015

Before:  Lahtinen, J.P., Rose, Devine and Clark, JJ.

                    _____


        The Crossmore Law Office, Ithaca (Edward Y. Crossmore of
counsel), for appellants.

        Sharon M. Sulimowicz, Ithaca, for Dennis Mogil and another,
respondents.

                    _____


Lahtinen, J.P.

        Appeals (1) from an order of the Supreme Court (Mulvey,
J.), entered February 20, 2014 in Tompkins County, which, among
other things, granted petitioners' application, in a proceeding
pursuant to CPLR 5225 and 5227, to set aside certain transfers of
assets from respondent Building Essentials, Inc. to respondents
Trees Unlimited, Inc., Scott Howard and Mark Mecenas, and (2)
from the judgment entered thereon.

Petitioners commenced an action against respondent Building Essentials, Inc. in March 2007, which resulted in an $81,266.37 judgment in November 2010. The judgment remained unsatisfied and, in June 2013, petitioners brought this proceeding alleging that Building Essentials had made fraudulent cash conveyances to respondents Scott Howard, Mark Mecenas and Trees Unlimited, Inc. (hereinafter collectively referred to as respondents). Howard and Mecenas owned all shares of Building Essentials, and Trees Unlimited was wholly owned by Howard. Following a trial, Supreme Court found, among other things, that petitioners had established both constructive and actual fraudulent transfers (see Debtor and Creditor Law §§ 273-a, 276). The court awarded petitioners (1) $15,209.93 plus interest from May 15, 2007 against Howard, (2) $37,710.25 plus interest from April 25, 2007 against Mecenas and (3) $5,004.75 plus interest from October 1, 2008 against Trees Unlimited. Judgment was entered thereon and respondents appeal.

Although we have broad authority to independently weigh the evidence when reviewing a nonjury trial, we defer to the trial court's credibility determinations and factual findings based thereon (see Halpin v Cheikhet, 90 AD3d 1211, 1212 [2011]; Pronti v Smutzinger, 52 AD3d 1015, 1016 [2008]). The proof at trial supports Supreme Court's findings of constructive and actual fraud. Regarding constructive fraud, Debtor and Creditor Law § 273-a states in pertinent part that "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages . . . is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." After petitioners commenced the underlying action against Building Essentials, which resulted in an unsatisfied judgment, respondents made a series of transfers from Building Essentials to Howard, Mecenas and Trees Unlimited. The transfers resulted in corporate assets going directly to corporate insiders or an entity controlled by a corporate insider (see Matter of Mega Personal Lines, Inc. v Halton, 9 AD3d 553, 555 [2004]; Matter of Superior Leather Co. v Lipman Split Co., 116 AD2d 796, 797 [1986]). The record supports the finding that the payments were not made in good faith, which is "[a]n indispensable component of fair consideration" (Matter of Superior Leather Co. v Lipman

Split Co., 116 AD2d at 797).  Moreover, Supreme Court's finding
that, shortly after the underlying action against Building
Essentials was commenced, respondents engaged in a pattern of
purposefully depleting the corporation's assets – including
making large payments to Howard and Mecenas – is amply based on
proof found to be credible and supports the court's determination
of actual fraud (see Debtor and Creditor Law § 276; Matter of
Bernasconi v Aeon, LLC, 105 AD3d 1167, 1167-1168 [2013]).

Supreme Court did not err in granting petitioners' motion
to amend the petition to conform to the proof.  A court has
discretion to conform the pleadings to the proof on such terms as
may be just unless doing so results in prejudice to the nonmoving
party (see CPLR 3025 [c]; Ravens Metal Prods. v McGann, 267 AD2d
527, 530 [1999]; Lewis & Clarkson v October Mtn. Broadcasting
Co., 131 AD2d 15, 17 [1987]).  At the beginning of the trial,
petitioners informed the court that they had just learned of
additional allegedly fraudulent transfers after receiving bank
statements of Building Essentials that had been produced as a
result of a trial subpoena and that, although such information
had been requested in discovery, it had not been previously
produced.  Petitioners stated that they would agree to an
adjournment if respondents desired one, but that they otherwise
planned to produce such proof, and they requested that their
pleadings be conformed to the proof.  Respondents, who rejected
the suggested adjournment, did not show prejudice regarding proof
contained in their own records.  It was well within the court's
discretion to grant petitioners' motion.

Contrary to respondents' contention, the accrual dates for
interest used by Supreme Court did not constitute an abuse of its
"broad discretion in determining a reasonable date from which to
award interest" when, as here, damages occurred at various times
(Pozament Corp. v AES Westover, LLC, 51 AD3d 1080, 1080 [2008];
see CPLR 5001 [b]).  Respondents' argument on appeal that some of
the early transactions should not have been considered because
they were time-barred, although asserted in their answer, does
not appear to have been raised by motion before trial or at the
time of trial, and, in any event, is unpersuasive.

Rose, Devine and Clark, JJ., concur.

ORDERED that the order and judgment are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court